IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| PLAINTIFF, § § | |
| vs. § | CIVIL ACTION NO. A09CA924-JN |
| § | |
| TRITON FINANCIAL, LLC, TRITON ACQUISITION, LP, D/B/A TRITON INSURANCE, LP, and KURT B. BARTON, § § § § | |
| DEFENDANTS. § | |

## RECEIVER'S MOTION FOR ISSUANCE OF
## SHOW CAUSE ORDER TO BILL SILL REALTORS AND WILLIAM SILL

TO THE HONORABLE JAMES NOWLIN, UNITED STATES DISTRICT COURT:

Receiver, Steven A. Harr ("Receiver") ("Movant") hereby moves for an order that Bill Sill Realtors ("Realtors") and its principal William Sill ("Sill") (collectively "Respondents") be cited to appear and show cause why they should not be held in contempt for violating this Court's Order, respectfully showing the Court the following:

I.

BACKGROUND

1.      On December 22, 2009, the Securities and Exchange Commission ("SEC") filed its Complaint against Defendants. In conjunction therewith, the SEC sought, and by Agreed Order (the "Order"), the Court appointed, Steven A. Harr as the Receiver of Triton Financial, LLC; Triton Acquisition, LP, d/b/a Triton Insurance; LP, Kurt B. Barton; Triton Services, LLC d/b/a Triton Realty; Triton Capital Services, LLC d/b/a Triton Land Development; Tvest Group, LLC; Capvest, LLC; Triton Sports Management, Inc.; Triton Opportunity Fund I, LLC; Triton Opportunity Fund III, LLC; 8121 Bee Cave, LP d/b/a Triton Center, LP; Boyce Lane, LP;

Bratton Lane Commercial Park, LP; Cobblestone Apartments, LP; Dealerships, LP; Geogian Warehouse, LP; Grant Villa Apartments, LP; The Guadalupe Venue, LP; Kammy Warehouse, LP; McNeil Auto, LP; Meister Place, LP; Middle Fiskville Warehouse, LP; Palmer Auto, LP; Triton Athletic Center, LP; Triton Golf, LP; Triton Plaza, LP; Triton Sports Center, LP; Berthoud, LP; Hidden Springs, LP; Swanee Lofts, LP d/b/a Howard Lane, LP; HS Lot Investment, LP; Rundberg Business Park, LP; Rundberg, LP; Triton Auto, LP d/b/a Pro Player Auto; Triton Auto Finance, LP; Periscope Group, LP d/b/a Trivest Group Partners, LP; Triton Aggregated, LP, d/b/a Triton Holdings, A Texas Limited Partnership; Triton Bridge Fund, LP; Oakbrook Place Apartments, LP; 8227 Broadway, LP aka Triton Sports Center II; JDs Café, LP d/b/a Triton Café; Triton Mortgage, LLC; and Triton Youth Foundation (collectively the "Receivership Entities").

2. Mr. Harr was authorized to have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records of Defendants. Receivership Assets were defined in the Order as "the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of Defendants, entities that they own or control, and all limited partnerships of which any of them is a general partner."[1]

3. The Receiver has been acting and fulfilling his duties as Receiver since his appointment and has conducted various investigations of Triton and all its related entities with the intent to marshal the Receivership Assets for the benefit of Triton's investors and creditors. As stated, this has included interactions with existing and former employees, reviews of corporate records, and discussions with involved third-parties.

---

[1] Agreed Order Appointing Receiver ¶2.

**MOTION TO SHOW CAUSE BILL SILL REALTORS** – Page 2

## II.

## **VIOLATION OF THE COURT'S ORDER**

4.   In its Agreed Order Appointing Receiver (the "Order")[2] dated December 22, 2009, the Court directed "The Receiver is hereby authorized to take and have possession of the Receivership Assets and Receivership Records.  Until further order of this Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records." See Order Appointing Temporary Receiver, pp. 2-3, ¶ 2.

The Order further provides:

> All persons, including Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and specifically including any bank or other financial or depository institution holding accounts for or on behalf of Defendants and Receivership Entities herein, shall promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them and shall promptly surrender all Receivership Records.

Id. at p. 3, ¶ 3.

5.   The term "Receivership Assets" is defined as, "[A]ssets, monies, securities, claims in action, properties, real and personal, tangible and intangible, of whatever kind and description, and wherever situated, of Defendants entities that they own or control, and all limited partnerships of which any of them is a general partner." Id. at 1, ¶ 1.  The term "Receivership Record" is defined as, "[T]he books and records of all Defendants, entities that they own or control, and all limited partnerships of which any of them is a general partner." Id. at p. 2, ¶ 1.

---

[2]   A true and correct copy of Agreed Order Appointing Receiver has been attached as Exhibit "A."

**MOTION TO SHOW CAUSE BILL SILL REALTORS**  – Page 3

6. The Receiver's investigation and efforts have shown that Respondents may possess and/or control Receivership Assets and Receivership Records that they are presently refusing to turn over to the Receiver despite knowledge of this Court's Order.

7. Specifically, Sill as the principal of Realtors entered into a Lease Agreement dated April 1, 2009, with 8121 Bee Caves, LP d/b/a Triton Center (the "Lease") for Suite 170 in the Triton Center located at 12117 Bee Caves Road, Austin, Texas. The Lease was for a period of 24 months commencing on April 1, 2009 and expiring on March 31, 2011.

8. Respondents breached the above-referenced Lease by (i) failing to pay rent, taxes, common area and maintenance charges, which were due for the months of June 2009 through February 2010, totaling $41,463.18; and (2) abandoning operations at the leased premises. Although Respondents were notified of their breaches of the Lease and given an opportunity to cure the breaches, Respondents failed to do so. Because Respondents committed a monetary default and abandoned operations at the leased premises, the Receiver on behalf of Triton Center has been forced to retain counsel and needlessly incur legal fees and expenses.

9. Realtors and its principal William Sill were made aware of the subject Order promptly after its entry. A copy of the Agreed Order Appointing Receiver and Agreed Order Freezing Assets and Granting Other Emergency Relief was sent by Richard J. Riley, Counsel to the Receiver via U.S. Regular Mail and certified mail return receipt requested on January 27, 2010.[3]  Additionally, the Counsel to the Receiver placed repeated phone calls to Respondents on January 27, 2010 and January 29, 2010 to provide notice of the Receivership and applicable Orders.

---

[3] Attached as Exhibit "B" is a true and correct copy of the letter sent to Respondents by Counsel to the Receiver on January 27, 2010.

10. Realtors and Sill are both aware and have received actual notice of the Court's directive. Undoubtedly, Realtors and Sill's conduct demonstrates that they are choosing to violate the Court's mandate.

### III.

### REALTORS AND SILL'S VIOLATION OF THIS COURT'S ORDER

11. As shown, Respondents had knowledge of the Court's Order at least by January 27, 2010, when a copy of the Order was mailed to Respondents. Further, the green card acknowledging receipt of the certified mail, return receipt requested was returned to Counsel to the Receiver dated January 29, 2010.[4]

12. On or about January 27, 2010, the Receiver, through his counsel Richard J. Riley, made demand to Respondents to cure the multiple breaches and pay the Receiver $41,463.18 in damages due under the terms of the Lease. Since the Receiver's demand, Respondents have failed and refused and continue to fail and refuse to abide by the Court's Order.

13. As far as the Receiver's knows, Respondents are indebted to the Receivership as a result of their multiple breaches in the amount of $41,463.18. Additionally, the Receiver is entitled to recover court costs and legal fees.

14. Realtors and Sill have failed and continue to fail to comply with the Court's Order. As a result of this contemptuous conduct, the Receiver has been forced to expend Receivership Assets in seeking this Court's aid in forcing Respondents to purge themselves of their contempt, and in attempting to recover Receivership Assets without Respondents. Unless Respondents desist in their conduct, the Receiver will be forced to continue to expend resources pursuing assets that should be turned over voluntarily.

---

[4] Attached as Exhibit "C" is a true and correct copy of the green card acknowledging receipt of the certified mail, return receipt requested dated January 29, 2010.

**MOTION TO SHOW CAUSE BILL SILL REALTORS** – Page 5

IV.

SUMMARY OF THE EVIDENCE

15. Movant seeks leave to present further evidence by way of oral testimony of the Receiver and/or his agent, as may be necessary, together with supporting documentary evidence, and the testimony of Bill Sill and/or the corporate representative of Bill Sill Realtors should this matter be set for hearing.

V.

ARGUMENT AND AUTHORITIES

16. A court has the inherent power to enforce compliance with its lawful orders and mandates by contempt. Shillitani v. United States, 384 U.S. 364, 370(1966); Powell v. Ward, 643 F.2d 924 (2d Cir.), cert. denied, 454 U.S. 832 (1981). This power is essential to the proper conduct of the judicial function; without it, courts would be unable to preserve decorum or assert their authority by order or decree. See e.g., In re Williams, 306 F. Supp. 617, 618 (D. D.C. 1969).

17. Congress codified the courts' contempt powers in 18 U.S.C. § 401, which states in relevant part:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as –
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18. Movant seeks an order directing Realtors and Sill to show cause why they should not be cited for civil contempt, a remedial device here intended to achieve full compliance with the Court's order, for the Movants' benefit. See Hicks v. Feiock, 485 U.S. 624, 631 (1988);

McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 399-400 (5th Cir. 1987).  The sanctions imposed in civil contempt proceedings ordinarily are conditional, and the contemnor may avoid the sanctions by complying with the order.  Hicks v. Feiock, 485 U.S. at 632-35; see also Penfield Co. of California v. SEC, 330 U.S., 585, 590 (1947).[5]

19.  A party commits contempt when it "violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order."  Whitfield v. Pennington, 832 F.2d 909, 913 (5th Cir 1987), cert. denied 487 U.S. 1205 (1988), quoting SEC v. First Financial Group of Texas, Inc., 659 F.2d 660, 669 (5th Cir. 1981).

20.  In a civil contempt proceeding, the Movant has the burden of establishing by clear and convincing evidence:

> (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order.

Petroleos Mexicanos v. Crawford Enterprises. Inc., 826 F.2d at 401.

21.  The defendant's intent to violate the Court's order or his willfulness are not prerequisites for a civil contempt sanction.  See McComb v. Jacksonville Paper Co., 336. U.S. 198, 191(1949); Whitfield V. Pennington, 832 F.2d 909, 913 (5th Cir. 1987), cert. denied, 487

---

[5] In determining whether a contempt proceeding is civil or criminal, "the critical features are the substance of the proceeding and the character of the relief that the proceeding will afford." Hicks v. Feiock 485 U.S. at 631.  While both civil and criminal contempt proceedings are necessarily expository of the Court's authority, "' [i]f [a proceeding] is for civil contempt the punishment is remedial, and for the benefit of the complainant.  But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court."' Id., 485 U S. at 631, citing Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911).  In Hicks, the Court explained that the "character of the relief " did not hinge on the penalty imposed, but the conditional nature of the remedy, stating, "[a] conditional penalty . . . is civil because it is specifically designed to compel the doing of some act." Id., 485 U.S. at 633.  Thus, the "critical feature that determines whether the remedy is civil or criminal in nature is not when or whether the contemnor is physically required to set foot in a jail but whether the contemnor can avoid the sentence imposed upon him, or purge himself of it, by complying with the terms of the original order." Id., 485 U.S. at 635, n. 7.  See also Shillitani v. United States, 384 U.S. at 368-69.

U.S. 1205 (1988). Instead, the question is simply whether a party has complied with the Court's order. See <u>Jim Walter Resources. Inc. v. Int'l Union, United Mine Workers of America</u>, 609 F.2d 165, 168 (5th Cir. 1980); <u>Donovan v. Mazzola</u>, 716 F.2d 1226,1240 (9th Cir. 1983), cert. denied, 464 U.S. 1040 (1984).

22. The question is simple: Have Respondents complied with the Court's order? The answer is a certain and unequivocal, "No."

23. Pursuant to Local Rule CV-7, the Receiver advises the Court that the Plaintiff Securities and Exchange Commission consents to the relief requested in this motion. The Defendant entities are all controlled by the Receiver.

## VI.

## **CONCLUSION**

24. First, Movant respectfully requests that this Court immediately order William Sill as the representative of Bill Sill Realtors to show cause as to why they should not be held in civil contempt. The Receiver also prays for leave to submit further evidence to demonstrate the extent, reasonableness, and necessity of such fees and expenses. Lastly, the Receivers requests all such other relief as the Court may determine is appropriate.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.


By: */s/ Richard J. Riley.*

Dennis L. Roossien, #00784873
Richard J. Riley, # 24033121
MUNSCH HARDT KOPF & HARR, P.C.
600 Congress Ave., Suite 2900
Austin, Texas 78701-3057
(512) 391-6100 (telephone)
(512) 391-6149 (telecopy)
E-Mail: rriley@munsch.com

*COUNSEL FOR STEVEN A. HARR, RECEIVER*


### CERTIFICATE OF CONFERENCE

On April 8, 2010, I conferred with Dee Raibourn and he stated that the Securities and Exchange Commission is not opposed to this Motion.

*/s/ Richard J. Riley*
Richard J. Riley

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2010, a true and correct copy of the foregoing document has been served on the following individuals and or entities:

| | |
|---|---|
| Toby M. Galloway, Esq. | Eric J. Taube, Esq. |
| Robert Long, Esq. | Hohmann, Taube & Summers, LLP |
| Dee Raibourn, Esq. | 100 Congress Ave., 18th Floor |
| Securities and Exchange Commission | Austin, TX 78701 |
| Fort Worth District Office | |
| Burnett Plaza, Suite 1900 | |
| 801 Cherry Street, Unit #18 | |
| Fort Worth, TX  76102 | |

*/s/ Richard J. Riley*
Richard J. Riley